JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALBERT JIMENEZ

**DEFENDANTS**
THE COUNCIL OF THE FAIRMONT

**(b)** County of Residence of First Listed Plaintiff  BURLINGTON, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MONTGOMERY, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GEORGE R. SZYMANSKI, 1370 Chews Landing Road, Laurel Springs, NJ 08021 856-232-9829

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1322

Brief description of cause:
Premises liability - fall on ice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE  1-14-14

SIGNATURE OF ATTORNEY OF RECORD
*George R. Szymanski*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Albert Jimenez                                   :            CIVIL ACTION
                        v.                       :
The Council of the Fairmont                      :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (✗)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

_____1-14-14_____          _Dng R. Szymanski_          _George R. Szymanski_
**Date**                   **Attorney-at-law**         **Attorney for** Plaintiff

_856-232-9828_             _856-232-9830_              _SYMANSKILAW @_
**Telephone**              **FAX Number**              **E-Mail Address** Comcast. Net

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT JIMENEZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | DOCKET NO.: |
| | : | |
| | : | JURY TRIAL DEMANDED |
| THE COUNCIL OF THE FAIRMONT | : | |
| | : | |
| | : | |
| | : | |
| Defendant | : | |
| | : | |

## COMPLAINT

The plaintiff, Albert Jimenez, by and through his attorney, George R. Szymanski, brings this civil action, and avers as follows:

### THE PARTIES

1.      The plaintiff, Albert Jimenez, is an adult individual and citizen of the State of New Jersey, residing in Burlington County at 230 Southview Drive, Delran, New Jersey 08075.

2.      The defendant, The Council of the Fairmont, is a Pennsylvania condominium association which owns, controls, operates and maintains the Fairmont, which is a residential complex of condominiums and apartments located at 41 Conshohocken State Road, Bala Cynwyd, Pennsylvania.

### JURISDICTION AND VENUE

3.      The amount in controversy exceeds the sum of $75,000.00, excluding interest and costs.   Moreover, as the plaintiff is a citizen of the State of New Jersey, and as the defendant is a citizen of the Commonwealth of Pennsylvania, there is diversity of citizenship.   Therefore, jurisdiction is vested in this court, pursuant to 28 U.S.C. §1332.

4.      Venue is appropriate in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391(b), as it is the judicial district in which the claims asserted herein arose, and because the defendant is located and does business within the Commonwealth of Pennsylvania, specifically Montgomery County.

## THE FACTS

5.      On January 17, 2012, at approximately 8:00 a.m., the plaintiff, Albert Jimenez, drove his work van onto the premises of  The Fairmont, 41 Conshohocken State Road, Bala Cynwyd, Pennsylvania and into its back parking lot, which was reserved for contractors, as Mr. Jimenez had been performing work as an independent contractor for various residents of The Fairmont.

6.      Mr. Jimenez got out of his vehicle, and as he was carrying various tools and materials in his hands, Mr. Jimenez was unable to see the black ice which had accumulated on the blacktop of the parking lot, and he fell violently onto his left hip and onto the ground.

7.      Mr. Jimenez's fall caused him to suffer serious physical and emotional injuries, including post-traumatic lumbar disc pathology at multiple levels; radiculopathy at L5-S1; tendonitis of the left hip joint with strain and sprain injuries of the left thigh; myositis and spasm of the cervical, thoracic, and lumbar spine with dyskinesia; and post-traumatic stress with associated depression.

8.      Mr. Jimenez was unable to work for approximately four months, which resulted in a loss of wages totaling approximately $24,000.00.   Also, the plaintiff has suffered a permanent diminished earning capacity as the result of this accident.

9.      Mr. Jimenez's accident, injuries and damages were caused by the negligence of The Council of the Fairmont.

10.    The black ice which existed on the parking lot at The Fairmont where the plaintiff parked his work van constituted a dangerous defect which existed on the premises of the defendant.

11.    The defendant knew or should have known of the existence of the dangerous defect, that is, the black ice, on its premises before the plaintiff's fall.

12.    The defendant failed to take reasonable steps to rectify the dangerous defect which existed on its premises and also failed to warn business invitees, such as the plaintiff, Albert Jimenez, of the existence of this dangerous defect.

13.    The plaintiff's accident would not have occurred absent negligence on the part of the defendant.

WHEREFORE, the plaintiff demands that judgment be entered in his favor and against the defendant for an amount including compensatory damages, as well as interest and litigation costs.

## JURY DEMAND

The plaintiff demands a trial by jury.

LAW OFFICES OF GEORGE R. SZYMANSKI

BY:    *George R. Szymanski*

GEORGE R. SZYMANSKI
Pa. I.D. No.   42456
1370 Chews Landing Road
Laurel Springs, NJ 08021
(856) 232-9828 – phone
(856) 232-9830 – fax
szymanskilaw@comcast.net
Attorney for plaintiff

Date:   1-14-14